SPANISH FORK CITY, RESPONDENT, v. E. B. MORTENSEN, APPELLANT.

MUNICIPAL CORPORATIONS.—LICENSE.—PEDDLERS.—Where an ordinance of a city imposed a license upon sewing machine agents, and imposed a penalty upon any person who within the city limits engaged in peddling, without first obtaining a license therefor, and a sewing machine agent carried a sample machine with him, and sold machines from that, sometimes delivering the sample and sometimes another machine, without obtaining any license; *held*, that in either way of selling he violated the ordinance.

APPEAL from a judgment of conviction of the district court of the first district. The opinion states the facts.

*Mr. A. Saxey*, for the appellant.

*Messrs. Thurman, Sutherland and King*, for the respondent.

ZANE, C. J.:

The defendant was found guilty by a justice of the peace of selling sewing-machines in violation of an ordinance of Spanish Fork City, and convicted and fined. From this judgment he appealed to the district court, and by it he was again convicted and fined. This is an appeal from the latter judgment. An ordinance of Spanish Fork City imposes a penalty upon any person who engages in peddling within the city limits without first obtaining a license, under an ordinance that declares all persons selling, or offering to sell, goods from house to house, who use a vehicle, or who carry jewelry to so

sell, to be first-class peddlers, and declares all other peddlers to be second-class, and requires a license fee in either case. And section 123 of the same ordinance is in the following language: "There shall be levied and collected a license for the sundry kinds of business herein specified as follows: For machine or vehicle agents for each company represented, $4 per quarter, or $15 per year." The right of the city to pass the ordinance is not questioned. The evidence in the record shows that the defendant was the agent of the Provo Book & Stationery Company whose place of business was Provo City; that the defendant used a vehicle, and carried sample machines with him, and sold machines to be afterwards delivered to the purchaser, and that, in some instances, he would sell and deliver the machine that he carried as a sample, and would obtain another machine from the principal to use as a sample; that generally the machine would not be delivered at the time of the bargain, but would be in a short time thereafter, and in other cases the sale would be completed at once by delivery. The defendant claims that this amounted to selling by sample, and that no license was required. In one of the cases mentioned the sale is executory. In the other it is executed by the seller at the time of the bargain. The sale is completed in either case by delivery. The court holds that a sale in either way violated the ordinance. The judgment of the district court is affirmed.

HENDERSON, J., ANDERSON, J., and BLACKBURN, J., concurred.